IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JUAN JESUS MONTALVO,**

        **Plaintiff,**

v.                                                                                          No. CIV-14-0493 LAM

**CAROLYN W. COLVIN,** Acting Commissioner
of the Social Security Administration,

        **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supportive Memorandum (Doc. 18)*, filed March 2, 2015 (hereinafter "motion"). On June 2, 2015, Defendant filed a response to the motion [*Doc. 21*], and, on June 11, 2015, Plaintiff filed a reply [*Doc. 22*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 14* and *15*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 11*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

# I.   Procedural History

On May 10, 2011, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB") alleging that he became disabled on August 10, 2009.  [*Doc. 11-8* at 2-8]. Plaintiff stated that he became disabled due to: residual abdominal pain, cramping, frequent bowel movements, posttraumatic stress disorder, right knee injury, tinnitus, chronic sleep condition, breathing problems with wheezing, chronic acid reflux, sleep apnea, and knee surgery. [*Doc. 11-9* at 16].  The application was denied at the initial level on September 14, 2011 (*see Doc. 11-6* at 2-5), and at the reconsideration level on February 6, 2012 (*id.* at 7-9).  Pursuant to Plaintiff's request (*id.* at 12-13), Administrative Law Judge Myriam C. Fernandez Rice (hereinafter "ALJ") conducted two hearings, one on May 23, 2013 (*Doc. 11-4* at 2-34), and one on September 25, 2013 (*id.* at 35-58).  At the first hearing, Plaintiff appeared, was represented by an attorney, and testified (*id.* at 4-22), and Vocational Expert (hereinafter "VE") Karen Provine appeared and testified (*id.* at 4, 19-20, 22-33).  At the second hearing, Plaintiff appeared, was represented by an attorney, and testified (*id.* at 37, 39-43), witness Mita Montalvo appeared and testified (*id.* at 37, 43-49), and VE Leslie White appeared and testified (*id.* at 37, 50-57).

On January 9, 2014, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 11-3* at 12-27].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 11), and, on March 27, 2014, the Appeals Council denied Plaintiff's request for review (*id.* at 2-5), which made the ALJ's decision the final decision of the Commissioner.  On May 23, 2014, Plaintiff filed his complaint in this case.  [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."   *Lax v. Astrue*,

489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### IV.  Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on April 24, 1986. [*Doc. 11-8* at 2]. Plaintiff has worked as a heavy equipment operator, laborer, and welder. [*Doc. 11-9* at 17]. Plaintiff alleges that he is unable to work due to: residual abdominal pain, cramping, frequent bowel movements, posttraumatic stress

4

disorder, right knee injury, tinnitus, chronic sleep condition, breathing problems with wheezing, chronic acid reflux, sleep apnea, and knee surgery. *Id.* at 16.  Plaintiff's medical records include: a Mental Status Evaluation by Finian J. Murphy, Ed.D., dated September 8, 2011 [*Doc. 11-20* at 31-34]; a Department of Veterans Affairs Rating Decision, dated June 12, 2012 [*Doc. 11-28* at 4-5]; a Medical Assessment of Ability to do Work-Related Activities (Physical) by Phillip Wagner, M.D., dated July 31, 2013 [*Doc. 11-31* at 33]; a Medical Assessment of Ability to do Work-Related Activities (Non-Physical) by Phillip Wagner, M.D., dated July 31, 2013 (*id.* at 34); a Medical Assessment of Ability to do Work-Related Activities (Non-Physical) by Catherine Hearne, Ph.D., dated August 14, 2013 (*id.* at 39); a Medical Assessment of Ability to do Work-Related Activities (Mental) by Catherine Hearne, Ph.D., dated August 14, 2013 (*id.* at 40-41); and a 12.06 Anxiety-Related Disorders assessment by Catherine Hearne, Ph.D., dated August 14, 2013 (*id.* at 42). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of August 10, 2009.  [*Doc. 11-3* at 17].  At step two, the ALJ found that Plaintiff has the following severe impairments: status post right knee arthroscopy, obesity, sleep apnea, posttraumatic stress disorder, and depression. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). *Id.* at 18.

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except: the work must allow Plaintiff to alternate between

sitting and/or standing every 30 minutes as needed, but he can still stand for six hours in an eight-hour workday and sit for two hours in an eight-hour workday; no climbing of ladders, ropes or scaffolds; and only occasional stooping, crouching, kneeling, and crawling. *Id.* at 20. Plaintiff is further limited to jobs which can be performed while using a hand-held assistive device on uneven terrain or with prolonged ambulation, and he must avoid even moderate exposure to excessive noise, vibration and unprotected heights. *Id.* In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* The ALJ stated that she did not give any significant weight to the opinion of Dr. Murphy, consultative psychologist, because Plaintiff's daily activities demonstrate that Plaintiff is able to concentrate, carry out instructions, and persist at tasks, and are far greater than a GAF of 38 suggests. *Id.* at 25. The ALJ stated that she did not give the opinions of Plaintiff's treating physicians, Dr. Wagner and Dr. Hearne, any significant weight because Plaintiff's daily activities demonstrate that he is capable of greater activity. *Id.* at 26. At step four, the ALJ found that Plaintiff is unable to perform any of his past relevant work, so the ALJ proceeded to the fifth step. *Id.*

At the fifth and final step, the ALJ noted that Plaintiff was born on April 24, 1986, so he was 23 years old, which is defined as a younger individual age of 18-49, on the alleged disability onset date. *Id.* The ALJ noted that Plaintiff has at least a high school education and is able to communicate in English. *Id.* The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job

skills." *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ stated that she asked the VE[1] "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the requirements of representative occupations such as laundry folder, shipping/receiving weigher, and router. *Id.* at 27. The ALJ stated that "[a]lthough the [VE's] testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy," and that "[b]ased on job analysis and professional journal articles from rehabilitation professionals, the [VE] testified the above-noted jobs would allow [Plaintiff] to alternate between sitting and standing as needed." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V.   Analysis

In his motion to reverse or remand, Plaintiff contends that the ALJ erred in her RFC determination by: (1) improperly minimizing the significance of the medical opinions of Plaintiff's treating physicians, Dr. Wagner and Dr. Hearne (*Doc. 18* at 15-19); (2) improperly minimizing the significance of the medical opinions of state examiner Dr. Murphy (*id.* at 18-19); and (3) improperly ignoring Plaintiff's psychological limitations and inaccurately portraying the extent of Plaintiff's physical limitations (*id.* at 19-21). In response, Defendant contends that the ALJ properly weighed the medical opinions of Dr. Murphy, Dr. Wagner, and Dr. Herne (*Doc. 21*

---

[1] The ALJ does not state whether she is referring to the testimony of VE Provine or VE White.

at 11-16), and that the ALJ's RFC determination is supported by substantial evidence and was not made in error (*id.* at 16-19).

### A.   The ALJ's Consideration of the Opinions of Dr. Wagner and Dr. Hearne

Plaintiff first contends that the ALJ erred by failing to properly consider the opinions of Plaintiff's treating physicians, Dr. Wagner and Dr. Hearne.  [*Doc. 18* at 15-19].  Specifically, Plaintiff contends that the ALJ erred by failing to consider: (1) the length, nature and extent of Plaintiff's relationship with these doctors; (2) "the supportability of their opinions;" or (3) the consistency of their opinions with other evidence in the record.  *Id.* at 17.  In response, Defendant contends that the ALJ properly discounted the opinions of Dr. Wagner and Dr. Hearne because their opinions are inconsistent with Plaintiff's activities.  [*Doc. 21* at 12].

When "evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007).  First, the ALJ "should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record."  *Pisciotta*, 500 F.3d at 1077 (citations omitted).  If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight."  *Id.*  If, however, "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight."  *Id.* When a treating physician's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length of treatment and frequency of examination, and the nature and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to

which the opinion is consistent with the record as a whole; the doctor's specialization in the medical field upon which an opinion is given; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c). Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citations and internal quotation marks omitted).

Here, the ALJ found that Plaintiff has the RFC to perform light work except: the work must allow Plaintiff to alternate between sitting and standing every 30 minutes as needed, but he can still stand for six hours in an eight-hour workday and sit for two hours in an eight-hour workday; Plaintiff cannot climb ladders, ropes or scaffolds; Plaintiff can only occasional stoop, crouch, kneel, and crawl; Plaintiff is limited to jobs which can be performed while using a hand held assistive device on uneven terrain or with prolonged ambulation; and Plaintiff must avoid even moderate exposure to excessive noise, vibration and unprotected heights. [*Doc. 11-3* at 20]. The ALJ's RFC determination, however, includes no limitations encompassing the following findings by Dr. Wagner: that Plaintiff can only stand for less than two hours in an eight-hour workday, and can never stoop or crouch (*see Doc. 11-31* at 33); and that Plaintiff is moderately limited in his abilities to maintain concentration for extended periods, to perform activities within a schedule, and to work in coordination with or in proximity to others without being distracted by them (*see id.* at 34). The ALJ's RFC determination also includes no limitations encompassing the following findings by Dr. Hearne: that Plaintiff is markedly limited in his ability to complete a

9

normal workday and workweek without interruptions from pain- or fatigue-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods (*see id.* at 39); that Plaintiff is moderately limited in his abilities to maintain attention and concentration for extended periods, to maintain physical effort for long periods without a need to decrease activity or pace or to rest intermittently, to work in coordination with or in proximity to others without being distracted by them, to sustain an ordinary routine without special supervision, and to travel in unfamiliar places or use public transportation (*see id.* at 39-41).  The ALJ stated that she did not give the opinions of Dr. Wagner and Dr. Hearne any significant weight because Plaintiff's daily activities demonstrate that he is capable of greater activity.  *See* [*Doc. 11-3* at 26].

The Court finds that the ALJ's treatment of the opinions of Dr. Wagner and Dr. Hearne constitutes legal error because the ALJ fails to state whether these doctors' opinions are well supported by acceptable techniques or whether they are consistent with the medical evidence in the record.  This error is significant since several of the opinions of Dr. Wagner and Dr. Hearne are consistent with each other and with the opinions of Dr. Murphy.  *See Pisciotta*, 500 F.3d at 1077 (explaining that the ALJ "should consider whether the [treating physician's] opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record," and, if the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight") (citations omitted).  In addition, the ALJ's statement that she was "unable to give either of their opinions any significant weight" does not explain whether the ALJ may have given some or all of their opinions some lesser amount of weight.  Therefore, the ALJ failed to provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight," which is legal error.  *Hamlin*, 365 F.3d at 1215; *see also*

*Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.") (citation omitted); *see also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects").  For these reasons, the Court finds that the ALJ erred in her consideration of the opinions of Dr. Wagner and Dr. Hearne and, on remand, should consider these doctors' opinions in accordance with the holdings in *Krauser* and *Pisciotta*.

### B.   The ALJ's Consideration of the Opinion of Dr. Murphy

Next, Plaintiff contends that the ALJ erred by failing to properly consider the opinion of state agency physician, Dr. Murphy.  [*Doc. 18* at 18-19].  Plaintiff contends that the ALJ's justification for minimizing the impact of Dr. Murphy's medical opinion is in error because it fails to consider that Dr. Murphy's opinion is consistent with those of Dr. Wagner and Dr. Hearne.  *Id.* at 18.  Dr. Murphy found that Plaintiff is markedly limited in his abilities to carry out instructions, concentrate, and persist at tasks due to Plaintiff's psychological and medical problems, and he assigned Plaintiff a GAF score of 38.[2]  [*Doc. 11-20* at 31].  The ALJ stated that she did not give any significant weight to Dr. Murphy's opinions because Plaintiff's daily activities demonstrate that he is able to concentrate, carry out instructions, and persist at tasks, and are far greater than a GAF of 38 suggests.  [*Doc. 11-3* at 25].  While the Court found *supra* that a similar explanation was insufficient with regard to the opinions of Plaintiff's treating physicians, the same standard is not required of an ALJ's consideration of state agency consultants.  Instead, the findings of state

---

[2] The Global Assessment of Functioning (hereinafter "GAF") score is a measurement of the clinician's judgment of an individual's psychological, social and occupational functioning, and should not include impairment in functioning due to physical or environmental limitations.  DSM-IV-TR at 32.  A GAF score within the range of 31-40 indicates "[s]ome impairment in reality testing or communication," or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood."  *Id.* at 34.

11

agency medical or psychological consultants are not binding on an ALJ; however, they are still medical opinion evidence which an ALJ must consider, except as to the ultimate determination of whether a claimant is disabled. *See* 20 C.F.R. § 404.1527(e)(2)(i). Since the ALJ here considered the opinions of Dr. Murphy, and explained her reasons for rejecting them, the Court finds that the ALJ did not err in her consideration of Dr. Murphy's opinions. *See Clifton*, 79 F.3d at 1010 (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *see also Robinson*, 366 F.3d at 1084 ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."). For these reasons, the Court finds that this claim should be denied.

### C. Plaintiff's Remaining Claims

Plaintiff's remaining claims are that the ALJ erred in her RFC determination because she improperly ignored Plaintiff's psychological limitations and inaccurately portrayed the extent of Plaintiff's physical limitations. [*Doc. 18* at 19-21]. Because the Court finds that Plaintiff's case should be remanded for further consideration of the opinions of Dr. Wagner and Dr. Hearne, Plaintiff's RFC may be amended on remand to address these limitations, so the Court finds that it is unnecessary to reach Plaintiff's remaining claims regarding the RFC determination. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective

complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085). The Court directs the ALJ on remand to include in Plaintiff's RFC determination all limitations that are supported by the record.

## VI. Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the opinions of Dr. Wagner and Dr. Hearne, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supportive Memorandum*** *(Doc. 18)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**