IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN JESUS MONTALVO,

      Plaintiff,

v.                                        CIV No. 14-0493 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SECTION 406(b) FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum* (Doc. 29) (hereinafter "motion"), filed August 29, 2016. Defendant filed a response to the motion on September 12, 2016, stating that "[t]he Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions[,] [h]owever, to the extent the Court requires a response, the Commissioner has no objection to the petition in this case." [*Doc. 31* at 1]. Plaintiff has not filed a reply to Defendant's response, and the time for doing so has passed. Having considered the motion, response, relevant law, the record in this case, and being otherwise fully advised, the Court recommends that the motion be **GRANTED**.

On August 7, 2015, the Court entered a Memorandum Opinion and Order remanding this case to the Commissioner for further proceedings, and entered a final judgment. [*Docs. 24* and *25*]. On December 15, 2015, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amount of

$7,000.00 for attorney's fees and $400.00 in costs. [*Doc. 28*]. Plaintiff's counsel states that "this amount was subject to an offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)), and, consequently, only $1,988.72 was paid under EAJA." [*Doc. 29* at 2 and fn.1] (explaining that the Treasury Offset Program "is a centralized offset program . . . to collect delinquent debts owed to federal agencies and states (including past-due child support), in accordance with 26 U.S.C. § 6402(d)"); *see also* [*Doc. 33-1*] (letter dated January 11, 2016 from the Department of the Treasury to Plaintiff stating that $5,011.28 was applied to a debt owed to the U.S. Department of Education) and [*Doc 33-2*] (copy of a check dated January 11, 2016 from the Department of the Treasury to Plaintiff in the amount of $1,988.72). Plaintiff received a favorable decision from the Social Security Administration (hereinafter, "SSA") on March 24, 2016. [*Doc. 29-1*]. On June 7, 2016, Plaintiff received a "Notice of Award" stating that Plaintiff will be paid disability benefits from November 2011 forward. [*Doc. 29-2* at 1]. The SSA states that it withheld $11,198.00, representing 25% from Plaintiff's past due benefits, to pay Plaintiff's counsel. *Id.* at 3. Plaintiff's counsel states that, "[f]ollowing the remand of this matter by the Court and subsequent favorable decision by the ALJ, counsel was awarded 406(a) fees, which left $5,198.00 for work performed before the United States District Court and Tenth Circuit Court of Appeals." [*Doc. 29* at 5]. Therefore, pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel requests attorney's fees in the amount of $5,198.00. *Id.* at 6.

Defendant states in response that, to the extent the Court requires a response, the Commissioner has no objection to Plaintiff's motion. *See* [*Doc. 31* at 1]. Defendant further states "that in the event Plaintiff was also awarded attorney fees under the EAJA, Plaintiff's attorney must refund the lesser of the two fees to Plaintiff." *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand to the Commissioner. *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]"). The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable. *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008). Additionally, an attorney's fee award under Section 406(b) for court representation may not exceed twenty-five percent of the past-due benefits awarded to Plaintiff, payable "out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A).

Here, Plaintiff states that the amount of the fee award sought by Plaintiff's counsel under Section 406(b), *i.e.*, $5,198.00, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff. *See* [*Doc. 29* at 5]. The record indicates that Plaintiff's counsel provided quality representation to Plaintiff and was not responsible for any delay in the resolution of this matter, and that Plaintiff's counsel expended at least 40.92 hours representing Plaintiff before this Court. *See* [*Doc. 29-2* at 8-9]. The record further indicates that Plaintiff and his counsel entered into a contingent fee agreement which provided that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court. *Id.* at 11. The Court finds that the amount of past-due benefits awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees. *See Gisbrecht*, 535 U.S. at 808 (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent

3

on the case"). In addition, the Court finds that there has been no undue delay in the filing of this motion for Section 406(b)(1) fees and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits. *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.") (citation omitted). The Commissioner's Notice of Decision was issued on March 24, 2016, the Commissioner's Notice of Award was issued on June 7, 2016, and this motion was filed on August 29, 2016, which the Court finds reasonable. *See id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound discretion") (citation omitted); *see also Early v. Astrue,* No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a fifteen-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable). For these reasons, the Court finds that the attorney's fees in the amount of $5,198.00 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) are reasonable.

Finally, the Court addresses the requirement that, when fee awards are made under both EAJA and § 406(b), the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Here, while the Court authorized Plaintiff to receive $7,000.00 in attorney fees and $400.00 in costs for payment to his attorney as permitted by EAJA, Plaintiff's counsel states that he only received $1,988.72 of this amount as payment under EAJA since the remainder was subject to an offset under the Treasury

Offset Program.  *See* [*Doc. 29* at 2]; *see also* [*Docs. 33-1* and *33-2*].  The Court, therefore, will order Plaintiff's counsel to refund to Plaintiff the amount of $1,988.72 as the amount of the attorney's fees awarded to Plaintiff's counsel pursuant to EAJA.  *See, e.g., Raney v. Colvin*, No. CIV-10-399-FHS-SPS, 2015 WL 588829, *2, fn.2 (E.D. Okla. Feb. 11, 2015) (unpublished) (finding that the claimant's counsel was not required to refund the EAJA attorney fee award to Plaintiff when that award was applied to offset Plaintiff's debt on a child support obligation); *see also* [*Doc. 29* at 4-5] (wherein Plaintiff's counsel states: "Plaintiff will also be refunded the EAJA fee awarded by this Court, or, if applicable, only such portion of the EAJA fee not subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).").

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum* (Doc. 29) be **GRANTED** and Plaintiff's counsel be awarded attorney's fees in this matter in the amount of **$5,198.00** pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that, upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the attorney's fees previously awarded in this matter pursuant to the EAJA, absent the amount subject to offset under the Treasury Offset Program, in the amount of **$1,988.72**.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

5